UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH POLITICAL WATCH, INC., and BRYAN SCHOTT,<br><br>Plaintiffs,<br><br>v.<br><br>ALEXA MUSSELMAN, a Utah House of Representatives Communications Director and Media Liaison Designee; ANDREA PETERSON, Utah Senate Deputy Chief of Staff and Media Liaison Designee; ABBY OSBORNE, Utah House of Representatives Chief of Staff; and MARK THOMAS, Utah Senate Chief of Staff, in their official and individual capacities,<br><br>Defendants. | **ORDER DENYING PLAINTIFFS' MOTIONS FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:25-cv-00050-RJS<br><br>Chief District Judge Robert J. Shelby |

On January 22, 2025, Plaintiffs Utah Political Watch and Bryan Schott initiated this action against individuals associated with the Utah Legislature: Alexas Musselman, Andrea Peterson, Abby Osborne, and Mark Thomas.[1] Plaintiffs assert four § 1983 claims for alleged violations of First and Fourteenth Amendment rights.[2] Plaintiffs simultaneously filed "Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum in Support Expedited Treatment Requested."[3]

---

[1] Dkt. 1, *Complaint*.

[2] *Id.* ¶¶ 52–82.

[3] Dkt. 3, (hereinafter referred to as *Motion*).

Plaintiffs filed five exhibits with their Motion: the 2024 and 2025 Utah Capitol Media Access and Credentialing Policies, a copy of a text message exchange, an appeal denial letter, and a declaration of Plaintiff Bryan Schott.[4]  Although Plaintiffs do not explicitly designate their Motion as an ex parte motion, the court construes it as such due to Plaintiffs' request for relief implying a request for a temporary restraining order without notice.[5]

A temporary restraining order is "an extraordinary remedy never awarded as of right," and accordingly, "the movant must make a clear and unequivocal showing it is entitled to such relief."[6]  Under Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure, the court may issue a temporary restraining order without notice to the adverse parties or their attorneys only if: "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[7]

Plaintiffs' Motion is procedurally improper as it does not certify in writing any efforts made to give notice to the Defendants, nor advance reasons why notice should not be required.[8]  Indeed, the Motion generally restates the allegations made in the Complaint while offering no additional explanation as to why notice should not be required to Defendants before granting immediate relief.

---

[4] *See* Dkt. 3-1 – 3-5.

[5] *Motion* at 26, ("This Court should grant Plaintiffs' motion for a temporary restraining order.  Following notice to Defendants, and the opportunity for Defendants to be heard, this Court should also grant Plaintiffs' motion for preliminary injunction….").

[6] *State v. United States Environmental Protection Agency*, 989 F.3d 874, 883 (10th Cir. 2021) (internal citations and quotations omitted).

[7] Fed. R. Civ. P. 65(b)(1)(B).

[8] *See* Fed. R. Civ. P. 65(b)(1)(B).

The court concludes Plaintiffs have failed to carry their burden of demonstrating that a temporary restraining order is appropriate. Accordingly, Plaintiffs' Motion[9] is DENIED without prejudice. Though the court's schedule may present some challenges, Plaintiffs may request a scheduling conference after providing notice to Defendants.

SO ORDERED this 24th day of January 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[9] Dkt. 3.