Tyler R. Green (Utah Bar No. 10660)
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com
Attorney for Defendants Alexa Musselman,
Aundrea Peterson, Abby Osborne, and Mark Thomas

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH - CENTRAL DIVISION**

| | |
|---|---|
| UTAH POLITICAL WATCH, INC., and BRYAN SCHOTT, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEXA MUSSELMAN, Utah House of Representatives Communications Director and Media Liaison Designee; AUNDREA PETERSON, Utah Senate Deputy Chief of Staff and Media Liaison Designee; ABBY OSBORNE, Utah House of Representatives Chief of Staff; and MARK THOMAS, Utah Senate Chief of Staff, in their official and individual capacities; <br><br> *Defendants*. | **Short Form Discovery Motion for Protective Order to Stay Depositions of Defendants Musselman and Peterson** <br><br> Case No. 2:25-cv-00050-RJS-CMR <br><br> Hon. Robert J. Shelby <br> Hon. Cecilia M. Romero |

Defendants Musselman and Peterson respectfully seek a protective order staying their depositions noticed on March 4 to occur on March 26.

As the parties "seeking to 'stop a deposition,'" Defendants "bear[] the burden of establishing good cause for the protective order." *Cloward v. Race*, 2023 WL 4268944, at *4 (D. Utah June 29); Fed.R.Civ.P. 26(c). This Court has "broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Cloward*, 2023 WL 4268944, at *4. Good cause exists to stay Defendants' depositions for two reasons.

**1. The deposition notices are premature**. Plaintiffs' deposition notices violate two rules.

1

First, "[a] party may not seek discovery from any source before" the Rule 26(f) conference, which has not happened here. Fed.R.Civ.P. 26(d)(1). Second, "[a] party must obtain leave of court" to take a deposition "if the parties have not stipulated to the deposition" and "the party seeks to take the deposition before the time specified in Rule 26(d)." Fed.R.Civ.P. 30(a)(2)(A)(iii). Those are the facts here, but Plaintiffs didn't obtain leave. Courts have refused to allow depositions in identical circumstances. *E.g.*, *Rockwell v. Air & Liquid Sys. Corp.*, 2021 WL 4459663, at *2-3 (C.D. Cal. July 3); *Viasystems Tech. Corp. v. Forest City Commercial Dev.*, 2008 WL 619382, at *1 (E.D. Mo. Mar. 5); *Sanders v. New Venture Gear*, 2007 WL 9772734, at *1 (N.D.N.Y. May 14). This Court should too.

**2. The depositions would prejudice Defendants**. This Court's prior ruling anticipated giving Plaintiffs "an opportunity to conduct some expedited discovery, *and then* a chance to file a new or different brief." Tr.88:25-89:2 (emphasis added). That specific order of operations is critical: amended complaint, then expedited discovery, followed by a new motion. That's the only way Defendants get fair notice of what evidence and arguments they must oppose. It's why this Court "won't allow an applicant for a TRO or any party in a hearing before the Court to raise in reply new arguments, new law, new issues that were not raised in the first instance, because" doing so "deprive[s] respondents of an opportunity to, A, notice, and a chance to respond." Tr.6:10-15.

Plaintiffs could have noticed depositions in the three weeks after the hearing before they filed their amended complaint and renewed motion. But they didn't. Or they could withdraw their motion, depose defendants, and refile their motion. Otherwise, they can cite new deposition testimony only in their reply brief. Allowing Plaintiffs to take and use Defendants' depositions now "'would be manifestly unfair'" to Defendants and this Court. *Hill v. Kemp*, 478 F.3d 1236, 1251 (10th Cir. 2007). It's also unnecessary; Plaintiffs can cross-examine Defendants at a second hearing, should the Court hold one, or depose Defendants in regular-order discovery.

**3**. If the Court nevertheless allows Plaintiffs to depose Defendants now, Defendants should

also be able to depose Mr. Schott and Ms. Malissa Morrell—his "unofficial" editor, first identified in his new filings—before Defendants file their opposition brief.

Dated: March 5, 2025            Respectfully submitted,

                                             */s/ Tyler Green*
                                             Tyler Green (Utah Bar No. 10660)
                                             CONSOVOY MCCARTHY PLLC
                                             222 S. Main Street, 5th Floor
                                             Salt Lake City, UT 84101
                                             (703) 243-9423
                                             tyler@consovoymccarthy.com

                                             *Attorney for Defendants*

**CERTIFICATION OF GOOD-FAITH MEET-AND-CONFERRAL EFFORTS**

      In accordance with DUCivR 37-1(b)(2)(A), I certify that the parties made reasonable efforts to reach agreement on the disputed matters raised in this motion. After several attempts to resolve the disagreement by email, attorneys for the parties held a telephonic meet and confer on March 5, 2025, at 10:30 am, which lasted 20 minutes. Despite their best efforts, the attorneys for the parties were not able to reach mutual agreement about whether the proposed depositions of Defendants Musselman and Peterson should proceed. The attorneys on the call were Mr. Charles Miller and Ms. Courtney Corbello for Plaintiffs, and Mr. Tyler Green, Mr. Daniel Vitagliano, and Mr. Julius Kairey for Defendants. No parties participated in the call.

                                           /s/ Tyler R. Green

## CERTIFICATE OF SERVICE AND WORD COUNT

I certify that on this 5th day of March 2025, I electronically filed the foregoing **Short Form Discovery Motion for Protective Order to Stay Depositions of Defendants Musselman and Peterson** using the Court's CM/ECF filing system. I further certify that in accordance with DUCivR 37-1(b)(1), the foregoing motion contains 492 words, exclusive of caption, signature block, and certifications.

/s/ Tyler R. Green