# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH POLITICAL WATCH, INC., and BRYAN SHOTT,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ALEXA MUSSELMAN, Utah House of Representatives Communications Director and Media Liaison Designees; AUNDREA PETERSON, Utah Senate Deputy Chief of Staff and Media Liaison Designee; ABBY OSBORNE, Utah House of Representatives Chief of Staff; and MARK THOMAS, Utah Senate Chief of Staff, in their official and individual capacities,<br><br>　　　　Defendants. | **SHORT FORM DISCOVERY ORDER**<br><br>Case No. 2:25-cv-00050<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

　　　　Now before the court is Defendants' Short Form Discovery Motion for Protective Order to Stay Deposition of Defendants Musselman and Peterson.[1] The court grants the Motion.

　　　　Plaintiffs filed a Complaint[2] and Motion for a Temporary Restraining Order[3] on January 22, 2025. The court heard argument on the TRO Motion on February 5, 2025.[4] During the TRO hearing, the court raised some concerns about the Complaint and denied the TRO.[5] Following argument, the parties addressed the court regarding how they wish to proceed with the case.

---

[1] Dkt. 38, *Defendants' Motion for Short Form Discovery Protective Order Providing Relief from Depositions* (*Discovery Motion*).

[2] Dkt. 2.

[3] Dkt. 3 (*TRO Motion*).

[4] Dkt. 31, *Minute Order*.

[5] Dkt. 32, *TRO Hearing Transcript*.

Plaintiffs indicated they anticipated filing another motion for a preliminary injunction, conduct limited discovery, and perhaps amend the complaint.[6] Defendants stated they would explore, "even under an amended complaint," a potential motion to dismiss due to "some foundational problems with the Complaint."[7]

The court directed the parties to meet and confer regarding how to proceed and attempt to "reach some agreement on a timeline for filing a motion for a preliminary injunction and maybe a timeline that makes sense for some limited expedited discovery."[8] Following this discussion, the court stated:

> [M]y standard practice, and I don't think we got this far in our first discussion and you were not here, but when there are Rule 12 challenges asserted in a case where there is a preliminary injunction or TRO, I always take up personal jurisdiction and subject matter jurisdiction and all of the Rule 12 issues beforehand so we know which claims survive against which parties, if any, before we proceed.
>
> We need to know what complaint is going to be the operative complaint, and you need to know that with sufficient time to prepare a motion. If you can get a motion filed, we'll have expedited briefing with that and there will probably be contemporaneous briefing on the preliminary injunction. We'll have a single hearing and we will begin with the motions to dismiss, if there are any, and resolve those and then move to what is left for the preliminary injunction.

Plaintiffs filed an Amended Complaint and an Amended Motion for Preliminary Injunction on February 26, 2025.[9] On March 5, 2025, Defendants filed their Discovery Motion objecting to depositions of Alexa Musselman and Aundrea Peterson noticed on March 4, 2025.[10] Defendants contend Plaintiffs' deposition notices violate Federal Rules of Civil Procedure 26(d)(1) and 30(a)(2)(A)(iii). Specifically, Defendants argue Plaintiffs may not yet seek

---

[6] *Id.* at 89:3–16.

[7] *Id.* at 92:9–14.

[8] *Id.* at 90:25–91:9.

[9] Dkt. 36 (*Amended Complaint*); Dkt. 37 (*Amended PI Motion*).

[10] *Discovery Motion* at 1.

discovery because the parties have not engaged in a Rule 26(f) motion yet and, because Defendants have not stipulated to the depositions, Plaintiffs must obtain leave from the court.[11] Plaintiffs contend the discussion at the end of the TRO hearing did not dictate a certain order for proceeding with potential expedited, limited discovery and an amended motion for a preliminary injunction.[12]

The court now clarifies that limited, expedited discovery may proceed on Plaintiffs' Amended Motion for Preliminary Injunction under a scheduling order entered by the court. The parties must meet and confer on the scope and timing of that discovery. If the parties are unable to reach an agreement, either or both may submit competing motions and the court will resolve any disputes. Given the nature of the case and the parties involved, the court will not permit discovery on issues unrelated to the Amended Motion for Preliminary Injunction until the pleadings are set, including resolution of an anticipated motion to dismiss. For these reasons, the court GRANTS Defendants' Short Form Discovery Motion.[13] In view of this ruling and the guidance provided herein, the court DENIES AS MOOT the Parties' Joint Motion for Scheduling Order.[14] The court reminds the parties of the requirements of Local Rule DUCivR 37-1 in the event either contemplates filing additional short form discovery motions.

SO ORDERED this 11th day of March 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[11] *Id.* at 1–2.

[12] Dkt. 39, *Response to Defendants' Motion for Protective Order* (*Response*) at 2.

[13] Dkt. 38.

[14] Dkt. 40.